REQUESTED BY: William J. Edwards, Deputy Director, Department of Motor Vehicles.
Following the sale of a motor vehicle to satisfy an artisan or personal service's lien, what disposition is made of the lien which was noted on the title, and should the title which will be issued to the purchaser of the artisan's sale carry the notation of the lien or does the lien become extinct?
The certificate of title should contain a statement of any prior liens unless the application is accompanied by proper evidence of their satisfaction or extinction.
In your request, you have described a situation wherein a certificate of title to a motor vehicle is held by a bank with a lien properly noted thereon. The vehicle is being sold to satisfy either a personal service's lien or an artisan's lien. Proper notification has been given to the bank that the vehicle in question is to be sold. We will assume for the purpose of this opinion that all other requirements for the sale of a vehicle pursuant to either of the aforementioned liens have been complied with, and the only remaining question is what disposition is made of the lien noted on the title following the sale of the vehicle?
It would appear that your question is answered by section60-111, R.R.S. 1943, which provides as follows:
 "In the event of the transfer of ownership of a motor vehicle by operation of law as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin or execution sale, or whenever the engine of a motor vehicle is replaced by another engine, or whenever a motor vehicle is sold to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a chattel mortgage, trust receipt, conditional sales contract or other like agreement, the clerk of the county in which the last certificate of title to such motor vehicle was issued, upon the surrender of the prior certificate of title or the manufacturer's or importer's certificate, or when that is not possible, upon presentation of satisfactory proof to the county clerk of ownership and right of possession to such motor vehicle, and upon payment of the fee prescribed in this act, and the presentation of an application for certificate of title, may issue to the applicant a certificate of title thereto. Only an affidavit by the person, or agent of the person to whom possession of such motor vehicle has so passed, setting forth facts entitling him to such possession and ownership, together with a copy of the journal entry, court order, or instrument upon which such claim of possession and ownership is founded, shall be considered satisfactory proof of ownership and right of possession.
 If the applicant cannot produce such proof of ownership, he may apply directly to the Department of Motor Vehicles and submit such evidence as he may have, and the department may thereupon, if it finds the evidence sufficient, authorize the county clerk to issue a certificate of title. If, from the records in the office of the county clerk, there appear to be any lien or liens on such motor vehicle, such certificate of title shall contain a statement of such liens unless the application is accompanied by proper evidence of their satisfaction or extinction.
If the county in which the last certificate of title to such motor vehicle was issued cannot be determined, the application for title shall be processed by the clerk of the county where the court entering the journal entry or order is located or the county where the instrument was executed upon which such claim of possession and ownership is founded, as the case may be." (Emphasis added.)
According to our reading of this statute, whenever a motor vehicle is sold to satisfy repair or storage charges, application for a new certificate of title should be made by the purchaser to the clerk of the county in which the last certificate of title was issued. If, from the records in the office of the county clerk, there appear to be any lien or liens on such motor vehicle, the certificate of title shall contain a statement of such liens unless the application is accompanied by proper evidence of their satisfaction or extinction.
Since in the case you have described, the bank's lien was not extinguished or satisfied it will remain noted on the title.